# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8090 | **DATE** | 6/1/2004 |
| **CASE TITLE** | | Directv, Inc. vs. Keith Klein | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] As stated in the attached Order, defendant's motion to dismiss Count III is granted and Count V is denied [15-1]. Count III of plaintiff's complaint is dismissed with prejudice. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 0 2 2004 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| | Docketing to mail notices. | | JXM | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/1/2004 | |
| | | | date mailed notice | |
| KF | courtroom deputy's initials | | KF | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIRECTV, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 8090 |
| v. ) | |
| ) | Mag. Judge Michael T. Mason |
| KEITH KLEIN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Michael T. Mason, United States Magistrate Judge:

Defendant Keith Klein ("Klein") has filed a motion to dismiss Counts III and V of plaintiff DirecTV, Inc.'s ("DirecTV") five-count complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, defendant's motion to dismiss is GRANTED as to Count III and DENIED as to Count V.

*Background*

This is one of thousands of similar cases filed in various district courts across the country, wherein DirecTV has sued an individual defendant for allegedly purchasing and using devices designed to intercept and decrypt DirecTV's protected satellite communications. Specifically, Count III of DirecTV's complaint seeks a civil remedy pursuant to 18 U.S.C. §2520 for possession, manufacture, or assembly of a device useful for the surreptitious interception of electronic communications in violation of 18 U.S.C. § 2512. Count V asserts an Illinois common law cause of action for conversion.

18

## *Legal Analysis*

Klein's motion to dismiss raises two issues. First, as to Count III, we must determine whether §2520 provides a civil right of action for a violation of §2512. Then, as to Count V, we must determine whether plaintiff has stated a valid common law claim for conversion under Illinois law. Neither of these issues are novel and both have been addressed by numerous courts in this district and across the country, with divided results. The Seventh Circuit has not addressed either issue. However, based on the divided results within this district, we predict that it will in the near future.

## *Count III*

A majority of the courts that have addressed the issue of whether §2520 provides a civil right of action for violation of §2512 have found that it does not. *Compare, e.g., DirecTV, Inc. v. Wilson,* No. 03 C 3516, 2004 WL 1094244 (N.D.Ill. May 13, 2004) (Grady, J.) (no cause of action); *DirecTV, Inc. v. Ostrowski,* No. 03 C 8618, 2004 WL 1102419 (N.D.Ill. May 12, 2004) (Filip, J.) (no cause of action); *DirecTV, Inc. v. Hinton,* No. 03 8477, 2004 WL 856555 (N.D.Ill. Apr.21, 2004) (Darrah, J.) (no cause of action); *DirecTV, Inc. v. Frey,* No. 03 C 3476, 2004 WL 813539 (N.D.Ill. Apr.14, 2004) (Zagel, J.) (no cause of action); *DirecTV, Inc. v. Hauser,* No. 03 C 8396, 2004 WL 813628 (N.D.Ill. Apr.13, 2004) (Moran, J.) (no cause of action); *DirecTV, Inc. v. Maraffino,* No. 03 C 3441, 2004 WL 170306 (N.D.Ill. Jan.23, 2004) (Lefkow, J.) (no cause of action); *DirecTV, Inc. v. Castillo,* No. 03 C 3456, 2004 WL 783066 (N.D.Ill. Jan.2, 2004) (St.Eve, J.) (no cause of action); *DirecTV, Inc. v. Delaney,* No. 03 C 3444, Memorandum Opinion (Nov. 20, 2003) (Kocoras, C.J.) (no cause of action); *and*

*DirecTV, Inc. v. Westendorf*, No. 03 C 50210, 2003 WL 22139786 (N.D.Ill. Sept.16, 2003) (Reinhard, J.) (no cause of action) *with DirecTV, Inc. v. Dillon*, No. 03 C 8578, 2004 WL 906104 (N.D.Ill. Apr.27, 2004) (Aspen, J.) (cause of action); *DirecTV, Inc. v. Dyrhaug*, No. 03 C 8389, 2004 WL 626822 (N.D.Ill. Mar.26, 2004) (Shadur, J.) (cause of action); *and DirecTV, Inc. v. Gatsiolis*, No. 03 C 3534, 2003 WL 22111097 (N.D.Ill. Sept.10, 2003) (Coar, J.) (cause of action).

After reviewing each of these cases, we believe that the other judges in this district have thoughtfully and thoroughly expressed the competing arguments relating to this issue and we do not have anything further to add to the debate. That said, we agree with the majority of the judges that there is no civil cause of action under §2512 and we adopt the analysis of Chief Judge Kocoras in *DirecTV, Inc. v. Delaney*, 03 C 3444, and the supplemental analysis of Judge Filip in *DirecTV, Inc. v. Ostrowski*, 2004 WL 1102419. Therefore, Count III of the complaint is dismissed with prejudice.

*Count V*

The courts in this district are also divided as to whether DirecTV has stated a valid cause of action for conversion under Illinois law, although fewer courts have addressed this issue. *Compare e.g., Wilson*, 2004 WL 1094244 (no cause of action); *Hinton*, 2004 WL 856555 (no cause of action); *Frey*, 2004 WL 813539 (no cause of action); *Maraffino*, 2004 WL 170306 (no cause of action); *Castillo*, 2004 WL 783066 (no cause of action); *and DirecTV, Inc. v. Patel*, No. 03 C 3442, 2003 WL 22682443 (N.D.Ill. Nov.12, 2003) (Coar, J.) (no cause of action) *with Ostrowski*, 2004 WL 1102419 (cause of action); *Dillon*, 2004 WL 906104 (cause of action); *Hauser*, 2004

WL 813628 (cause of action); *Dyrhaug,* 2004 WL 626822 (cause of action); *and Delaney* (cause of action).

Six courts in this district have found that the tort of conversion does not lie under the facts as alleged in the complaint, while five courts have found that it does. As demonstrated by this division, this issue is a close one with colorable arguments on both sides. We agree with the narrow minority and again adopt the analysis of Chief Judge Kocoras and the supplemental analysis of Judge Filip. Therefore, the motion to dismiss Count V is denied.

## Conclusion

For the foregoing reasons, defendant Keith Klein's motion to dismiss is GRANTED as to Count III and DENIED as to Count V. Count III is dismissed with prejudice. It is so ordered.

ENTER:

*[signature]*

MICHAEL T. MASON
United States Magistrate Judge

Dated: June 1, 2004